11-1291-cv
Amaprop v. Indiabulls

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of May, two thousand twelve.

PRESENT: JOSEPH M. McLAUGHLIN,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

_____

AMAPROP LIMITED,
            *Petitioner-Appellee*,

     v.                             No. 11-1291-cv

INDIABULLS FINANCIAL SERVICES LIMITED,
            *Respondent-Appellant,*

INDIABULLS FINANCE COMPANY PRIVATE LIMITED,
            *Respondent*.

_____

FOR APPELLANT:         TIMOTHY G. NELSON (John L. Gardiner, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York.

FOR APPELLEE:          ROBERT L. SILLS (Richard S. Goldstein, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, New York.

1

Appeal from the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Respondent-Appellant Indiabulls Financial Services Limited ("IFSL"), an Indian corporation, appeals from an award of attorney's fees granted by the district court as a sanction for IFSL's bad-faith efforts to avoid arbitration with Amaprop Limited, a Cayman Islands corporation. We assume familiarity with the history of this case, which is more fully laid out in the district court's order granting Amaprop's motion to compel arbitration, Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 10 Civ. 1853, 2010 WL 1050988, at *1-3 (S.D.N.Y. March 23, 2010) ("Amaprop I"), and in its sanctions order, Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 10 Civ. 1853, 2011 WL 1002439, at *1-2 (S.D.N.Y. March 16, 2011) ("Amaprop II").

We briefly recount the background necessary to illuminate this appeal. Three parties – IFSL, Indiabulls Finance Company Private Limited (the "Finance Company"), and Amaprop's contractual predecessor, Amaranth LLC – entered into an agreement in 2005, which effectively created the Finance Company as a joint venture between Amaprop and IFSL with the goal of financing initial public offerings in India. The parties anticipated that the Finance Company itself would eventually go public. However, the agreement provided that if shares of the Finance Company could not be sold publicly within 55 months, Amaprop

2

would be entitled to force IFSL to buy Amaprop's shares in the Finance Company. In January of 2010, the Finance Company had been unable to offer its shares in a qualifying IPO, and Amaprop exercised its right to the forced sale. Amaprop also commenced an arbitration in New York to enforce the sale, as provided by the agreement.

In early March of 2010, IFSL listed an action in the High Court of Judicature of Bombay, purportedly to seek a temporary stay of arbitration proceedings while IFSL sought regulatory approval of the sale by the Reserve Bank of India. That Court granted IFSL an ex parte injunction against Amaprop's arbitration on March 4, 2010. On March 9, 2010, Amaprop filed an action in the United States District Court for the Southern District of New York to enjoin IFSL from proceeding with the Bombay Court action and to compel arbitration. On March 23, the district court granted Amaprop's request for an anti-suit injunction barring IFSL from pursuing any further action in the Bombay Court, and compelled IFSL to arbitrate in New York. Amaprop I, 2010 WL 1050988 at *4, *9-10. Thereafter, Amaprop moved for fees, and the district court granted that motion in March of 2011. Amaprop II, 2011 WL 1002439. This appeal followed.

IFSL primarily argues that the district court abused its discretion in awarding fees to Amaprop. This argument is without merit. An award of sanctions under the court's inherent power is proper when a party advances a claim lacking colorable basis and does so in bad faith. See, e.g., Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 113-14 (2d Cir. 2009). This Court reviews such an award for abuse of discretion. Id. at 113. As IFSL notes, because a sanctioning court acts as "accuser, fact finder and sentencing judge all in

3

one," id. (internal quotation marks omitted), careful review of the district court's sanction decision is appropriate. Nonetheless, this case centers on a sophisticated party's apparently bad-faith refusal to arbitrate a complex commercial dispute, notwithstanding an express arbitration agreement. Since a key benefit of an arbitration agreement is avoidance of court battles (and their associated costs and delays), we agree with the district court that the federal policy of enforcing sophisticated parties' arbitration agreements weighs in favor of fee awards against parties who attempt, without legitimate legal basis, to circumvent arbitration. See, e.g., Sands Bros. & Co., Ltd. v. Nasser, No. 03 Civ. 8128, 2004 WL 26550, at *3 (S.D.N.Y. Jan. 5, 2004) (awarding fees where party could not have reasonably expected to prevail in its efforts to resist arbitration); Novik & Co., Inc. v. Jerry Mann, Inc., 497 F. Supp. 447, 450 (S.D.N.Y. 1980) (awarding fees based on "unnecessary and unjustifiable persistence with which respondents have . . . opposed arbitration").

We find no abuse of discretion in the district court's findings that (1) IFSL's legal position was not colorable and (2) that IFSL acted in bad faith.

As to (1), meritlessness, although IFSL argues that the district court did not expressly find its legal position to be meritless, a full reading of the district court's sanctions award and its earlier rulings leaves no doubt that it did so find. In its March 23, 2010 order compelling arbitration, the court found that IFSL had taken a "disingenuous and frivolous" position on whether it had refused to arbitrate. See Amaprop I, 2010 WL 1050988 at *3. The court found that IFSL had "misleadingly redacted" language from the arbitration agreement to support its position before the district court, and that the unredacted language was central to

4

establishing the meritlessness of IFSL's position that it could seek an injunction in India and still be in compliance with the arbitration agreement. Id. at *4. And there is no question that the district court ruled entirely against IFSL. See, e.g., id. at *4, *9-10; Amaprop II, 2011 WL 1002439 at *1-2. Finally, it is clear to this Court upon a review of the record that IFSL's position below was not colorable. IFSL claimed that the Bombay Court action sought only a temporary stay of arbitration in order to seek administrative approval from the Reserve Bank of India – a position IFSL continues to advance before this Court. But IFSL's complaint in the Bombay Court action is facially incompatible with that claim. That complaint characterizes the arbitration as "vexatious litigation" based on an "initiation of arbitration without there being any dispute per se between the parties," calls the arbitration "frivolous" and "an attempt to abuse the process of the arbitration," argues that it would be "futile on the part of the Plaintiff to submit itself to the jurisdiction of the Arbitral Tribunal," and, critically, seeks a "decree of permanent injunction restraining the Defendants from proceeding with the arbitration at New York." Because the complaint cannot be read as seeking merely temporary relief, IFSL's contrary position was (and remains) meritless.

In addition, to the extent IFSL was seeking temporary relief, its argument that it could do so "consistent" with the arbitration agreement was also meritless. While IFSL's contention that it needed to take certain steps to ensure the forced sale complied with Indian law is not frivolous, its argument to the district court that the arbitration proceeding was not the proper venue in which to accommodate those concerns was, as demonstrated by the improperly redacted language of the agreement. Amaprop I, 2010 WL 1050988 at *4;

5

Amaprop II, 2011 WL 1002439 at *4. Although it would have been better practice for the district court to make an express finding of meritlessness in its sanctions order, we do not find the court abused its discretion, given its previous rulings.

As to (2), bad faith, the district court made numerous well-supported factual findings. For example, the court found that IFSL appeared in front of the arbitration panel and "promised to cooperate in the appointment of an arbitrator, and sought – and [was] granted – additional time to file a statement of defense," but used that additional time to "'appl[y] on an ex parte basis to [the Bombay Court] for an injunction barring the arbitration proceedings they had just appeared in from going forward.'" Amaprop II, 2011 WL 1002439 at *4, quoting Amaprop I, 2010 WL 1050988 at *6. IFSL "'gave Amaprop no notice of [its] decision to seek injunctive relief in India, and after obtaining the injunctions [has] refused to even supply Amaprop with the underlying papers.'" Id., quoting Amaprop I, 2010 WL 1050988 at *6. Moreover, IFSL's bad-faith conduct continued before the district court with its misleading omission from the arbitration agreement's language and its baseless mischaracterization of the Bombay Court action as seeking merely temporary relief. Id.

IFSL's remaining arguments are equally without merit. The district court did not abuse its discretion in ruling on the sanctions motion before the arbitration panel finished its proceedings; IFSL's sanctionable conduct in seeking to avoid the arbitration altogether was logically and legally separate from the ultimate outcome of the arbitration. Finally, IFSL's argument that the court erred by attributing the actions of IFSL's counsel to IFSL for the purposes of awarding sanctions was not made below, and accordingly has been waived.

6

The district court did not abuse its discretion in awarding Amaprop its fees. For the foregoing reasons, the sanctions award is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court