■ CELL TOWER LEASE ACQUISITION, LLC, Respondent, v REGO PARK N.H. LTD., Also Known as REGO PARK NURSING HOME, LTD., et al., Appellants. [39 NYS3d 795]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered October 20, 2015, which, insofar as appealed from, denied so much of defendants' motion to compel arbitration as sought dismissal of the action and an award of attorneys' fees, and stayed the matter pending arbitration, unanimously modified, on the facts and in the exercise of discretion on consent of the parties, to dismiss the action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

Defendants failed to establish their entitlement to attorneys' fees on the ground that plaintiff acted without justification in resisting arbitration and seeking injunctive relief pending arbitration (*see Amaprop Ltd. v Indiabulls Fin. Servs. Ltd.*, 2011 WL 1002439, *3, 2011 US Dist LEXIS 27035, *8-9 [SD NY, Mar. 16, 2011, No. 10 Civ 1853(PGG)], *affd* 483 Fed Appx 634 [2d Cir 2012]; *Sands Bros. & Co., Ltd. v Al Nasser*, 2004 WL 26550, *3, 2003 US Dist LEXIS 23406, *8 [SD NY, Jan. 5, 2004, No. 03 Civ 8128(BSJ)]). Plaintiff correctly construed the arbitration agreement as providing for judicial injunctions in aid of arbitration, in keeping with the Federal Arbitration Act (*see Nicosia v Amazon.com, Inc.*, 834 F3d 220, 238 [2d Cir 2016]) and CPLR article 75 (*see* CPLR 7502 [c]). Given the parties' long-running dispute over access to the roof of the building, which defendants own and in which plaintiff has an easement for access to cellular network equipment placed by its customers, plaintiff's application for injunctive relief to guarantee access pending arbitration was justifiable.

Since on appeal plaintiff does not object to dismissal of the action, rather than a stay pending arbitration, we modify the order solely to dismiss the action. Concur—Renwick, J.P., Feinman, Gische and Kapnick, JJ.